

**IT IS ORDERED as set forth below:**

**Date: March 26, 2021**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IN RE:

Benjamin Hardee a/k/a Hardee Bey a/k/a Ben El bey,

           Debtor.

CASE NO. 18-67130-BEM

CHAPTER 7

## O R D E R

       This matter comes before the Court on Debtor Benjamin Hardee a/k/a Hardee Bey a/k/a Ben El bey ("Debtor")'s motion for reconsideration filed March 10, 2021 (the "Motion") [Doc. 244]. In the Motion, Debtor argues that the Court erred in entering its order [Doc. 234] (the "First Order") approving the final report of the chapter 7 trustee and that the Court again erred in denying [Doc. 242] (the "Order Denying Reconsideration") his earlier motion to reconsider [Docs. 236 and 241] the First Order. Debtor assigns error to the First Order and the Order Denying Reconsideration as follows:

- Lack of personal jurisdiction because Debtor is not a bankruptcy debtor, [Doc. 244 at 2, 3];

- Lack of subject matter jurisdiction because the case falls under maritime law, [*Id.* at 3];

- Denial of due process, [Doc. 244 at 1];

- Failure to consider international law, especially the "Treaty of Peace and Friendship of 1787/1836 between the United States of North America [*sic*] and the Moroccan Empire," [Doc. 244 at 1, 2];

- Failure of the Court to "file the delegation of authority order from the organic republican congress" or to file its "Public Hazardous Bond," [*Id.* at 2, 5]; and

- Failure to consider an "Apostolic Letter Issued Motu Proprio," [*Id.* at 2, 5].

As explained in the Order Denying Reconsideration, a motion to reconsider under Fed. R. Civ. P. ("Rule") 59(e), requires the moving party to show "newly-discovered evidence or manifest errors of law or fact." *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999). Such motions cannot be used to relitigate issues already decided, to pad the record for an appeal, to substitute for an appeal, or to raise arguments which were or could have been raised before judgment was issued. *Id.* at 1120; *In re McDaniel*, 217 B.R. 348, 350–51 (Bankr. N.D. Ga. 1998) (Drake, J.); *In re Oak Brook Apartments of Henrico Cnty., Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). Nor should such motions be used "to test whether the Court will change its mind." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) (citing *McCoy v. Macon Water Authority*, 966 F.Supp. 1209, 1223 (M.D. Ga. 1997); *Paper Recycling v. Amoco Oil Co.*, 856 F.Supp. 671, 678 (N.D. Ga. 1993)). "A motion for reconsideration is not an opportunity for the moving party ... to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F.Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

Importantly, "[m]otions for reconsideration should not be filed as a matter of routine practice". Bankr. L.R. N.D. Ga. 9023-1. The bankruptcy court analogue to Rule 11, Fed. R. Bankr. P. 9011(c), applies to *pro se* parties as well as attorneys and permits sanctions including "directives of a nonmonetary nature [or] an order to pay a penalty into court" if papers filed by the party fail to meet certain standards. Fed. R. Bankr. P. 9011(b), (c)(2). One of those standards is that legal assertions in the filing must be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" *Id.* 9011(b)(2). Filing "motion[s] that attempt[] to relitigate a decided issue or introduce[] nothing new," is "frivolous on its face" and may give rise to sanctions even where the filer is acting *pro se. In re Coastal Care Res., L.L.C.*, No. 00-71661, 2004 WL 5848053, at \*9-10 (Bankr. N.D. Ga. Feb. 17, 2004) (Massey, J.) "'Rule 9011 does not exempt pro se litigants from its operation; a pro se litigant has the same duties under Rule 9011 as an attorney.'" *Id.* at \*9 (quoting *In re Weiss*, 111 F.3d 1159, 1170 (4th Cir. 1997)). Thus, the routine filing of frivolous motions for reconsideration may give rise to sanctions including fines and a permanent or temporary ban on filing future documents on the docket.

A motion under Rule 59(e) must be filed within fourteen days of the order or judgment on which the movant seeks reconsideration. Bankr. L.R. N.D. Ga. 9023-1; Fed. R. Bankr. P. 9023. This Motion was filed on March 10, 2021, twenty-two days after the Order Denying Reconsideration was entered. Accordingly, the Motion is untimely filed and may not be evaluated under Rule 59(e). In the event of an untimely filed Rule 59(e) motion, however, courts may evaluate the motion under the more stringent standards of Rule 60, which may provide relief from a judgment for several enumerated reasons, including, mistake, newly discovered evidence or any

"reason justifying relief." *Smith v. Secretary, Fla. Dep't of Corrections*, 358 Fed. App'x. 60, 64 (11th Cir. 2009).

This Court has already determined that it has personal jurisdiction over Debtor as a debtor in bankruptcy. [Doc. 242 at 3-4]. Debtor is not, contrary to his repeated arguments, a creditor of the bankruptcy estate, and he has not presented any new evidence or non-frivolous argument to demonstrate that the Court erred on this question or that the relief he requests is otherwise justified. He is the debtor, and should he have any further argument on this issue, the proper procedural remedy is an appeal.

This Court has also determined that it has subject matter jurisdiction over all of the issues raised so far in the chapter 7 case, and it need not file a "delegation of authority order" because the authority to make these determinations already rests squarely in this Court. Congress enacted the Bankruptcy Code, also known as "title 11", under the constitutional authorization to enact "uniform Laws on the subject of Bankruptcies throughout the United States." U.S. Const. art. I § 8(4). As set forth in the Order Denying Reconsideration, this Court has jurisdiction over bankruptcy matters pursuant to 28 U.S.C. § 1334(b). [Doc. 242 at 4].

Likewise, Debtor's rights to due process were not violated by the First Order. [Doc. 242 at 5-6]. Debtor has presented no new evidence of a due process violation and this Court will not reconsider its prior order on this matter. The Court will now consider the remaining assignments of error.

Although Debtor has argued in various hearings and some papers that he is not claiming to be a "sovereign citizen" [*see* Doc. 106 at 7-11], he repeatedly raises arguments that sound in that theory.[1] In several hearings and almost all of his voluminous papers in this case and

---

[1] Debtor filed papers on March 25, 2021, that contain several "sovereign citizen" type arguments similar to those raised in the Motion.  This Order applies equally to those papers. [Doc. 245].

4

two related adversary proceedings, he has raised the so-called "redemption theory" which is a "sovereign citizen-type view which . . . holds that the federal government went bankrupt when it abandoned the gold standard in 1933 and began converting the physical bodies of its citizens into assets against which it could sell bonds." *United States v. Anzaldi*, 800 F.3d 872, 875 (7th Cir. 2015); *see also McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 210 (D. Conn. 2010).[2] He has argued that he is a trust, a church and an indigenous person [*see, e.g.*, Doc. 14 at 19, Doc. 106], which arguments this Court has been rejecting since October of 2018 when this case was filed. Now, Debtor appears to make another classic sovereign citizen-type argument relating to maritime law and so-called "consular jurisdiction." [Doc. 244 at 1, 3]. *See, e.g., Cartman v. United States*, No. 110CR512ELRLTW1, 2018 WL 1148138, at *8-9 (N.D. Ga. Jan. 19, 2018), *report and recommendation adopted,* No. 110CR512ELRLTW1, 2018 WL 1126734 (N.D. Ga. Mar. 1, 2018); *United States v. Whetstone*, No. 109CR2161WSDCMS, 2016 WL 11430310, at *1 (N.D. Ga. Oct.

---

[2]      [T]he "Redemptionist" theory ... propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 1933, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman.... Adherents of this scheme also advocate that [individuals] copyright their names to justify filing liens against officials using their names in public records such as indictments or court papers. . . . Another tenet of the Redemptionist theory is that when the United States Government "pledged the strawman of its citizens as collateral for the country's national debt, it created an "exemption account" for each citizen, identified by each person's Social Security number. When citizens contract for debt, the theory goes, their debts are collateralized by their respective exemption accounts, essentially making the U.S. Government ultimately responsible for satisfaction of their debts. Moreover, each citizen's exemption account is virtually bottomless, meaning that those who understand this theory—and who file the appropriate UCC financing statements, and thereby become a free sovereign, a process known as "redemption,"—never have to actually pay for anything.

*McLaughlin*, 726 F.Supp. 2d at 210 (citations omitted).

6, 2016), *report and recommendation adopted,* No. 1:09-CR-216-WSD, 2016 WL 6944165 (N.D. Ga. Nov. 28, 2016) ("By way of example, Mr. Whetstone argues that he 'is not a party to any valid international maritime contract'.")

"Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). "[C]ourts have repeatedly rejected as frivolous arguments that people are 'sovereign citizens' who are not subject to the jurisdiction of any courts." *Walker v. Florida*, 688 F. App'x 864, 865 (11th Cir. 2017); *see also Cartman*, 2018 WL 1178138, at *8 ("While Movant may not have spoken or written the phrase 'sovereign citizen' in this case, his jurisdictional arguments mirror those of people who claim to be sovereign citizens, as the alleged lack of federal courts' authority to confine or try people for crimes is the core of such claims.")

Debtor claims that the proper court for this case is a consular or maritime court. Consular courts were abolished in 1956. *See* 22 U.S.C § 141 note; *Reid v. Covert*, 354 U.S. 1, 12, 77 S. Ct. 1222, 1228 (1957). Admiralty jurisdiction under 28 U.S.C. § 1333(1) applies to torts only if the wrong alleged bears a significant relationship to traditional maritime activities. *See Executive Jet Aviation, Inc. v. City of Cleveland, Ohio*, 93 S. Ct. 493, 409 U.S. 249 (1972). Fundamentally, the tort must also occur on "navigable waters." *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 671, 102 S. Ct. 2654, 2656 (1982). Even if Debtor had stated a claim for some injury to him, which he has not, Debtor has not alleged that such a wrong occurred on navigable waters or relates in any way to traditional maritime activities. He has not disclosed a boat on his schedules. [Doc. 14 at 15 § 4] ("Watercraft . . . examples: Boats . . . personal watercraft, fishing vessels. . .

No"). The real property he has scheduled is landlocked. Maritime law is plainly inapplicable to this case and represents nothing more than Debtor grasping at sovereign citizen-esque straws.

Debtor refers the Court to the "Treaty of Peace and Friendship of 1787/1836 between the United States of North America [*sic*] and the Moroccan Empire," [Doc. 244 at 1, 2]. This document has been repeatedly rejected in sovereign citizen-like arguments in other courts, including at least once in Georgia. *Bey v. Sutton*, No. CV413-205, 2013 WL 5816427 (S.D. Ga. Oct. 29, 2013), *report and recommendation adopted*, No. CV413-205, 2013 WL 6231744 (S.D. Ga. Nov. 27, 2013).[3] This document is focused on maritime/admiralty issues in the context of protecting vessels. *Murakush Caliphate of Amexem Inc. v. New Jersey*, 790 F. Supp. 2d 241, 269–70 (D.N.J. 2011) (citing Frank Lambert, The Barbary Wars: American Independence in the Atlantic World (2007)). Debtor specifically references articles 20 and 21 of the treaty, which are two of three articles in the treaty that address acts against individuals and provide:

---

[3] A small portion of the cases rejecting this specific treaty, not including the many that have rejected other "Barbary" documents, are listed here: *Bey v. Garcia*, No. 120CV00795NONEEPG, 2021 WL 38177 (E.D. Cal. Jan. 5, 2021), *report and recommendation adopted*, No. 120CV00795NONEEPG, 2021 WL 276225 (E.D. Cal. Jan. 27, 2021); *Douce v. Brevard Cty. Tax Collector Off.*, No. 615CV1762ORL40GJK, 2016 WL 11578750 (M.D. Fla. Mar. 10, 2016), *report and recommendation adopted*, No. 615CV1762ORL40GJK, 2016 WL 11578749 (M.D. Fla. Apr. 27, 2016); *Maryland v. Ghazi-El*, No. CR RDB-16-0207, 2016 WL 2736183 (D. Md. May 11, 2016); *El v. Laframboise*, No. 1:19-CV-1030, 2019 WL 8806196 (W.D. Mich. Dec. 17, 2019), *report and recommendation adopted*, No. 1:19-CV-1030, 2020 WL 2527058 (W.D. Mich. May 18, 2020); *Missouri v. Bey*, No. 4:20-CV-197 JAR, 2020 WL 1032137 (E.D. Mo. Mar. 2, 2020); *State v. Bey*, No. 4:21-CV-166 NAB, 2021 WL 493463 (E.D. Mo. Feb. 9, 2021); *El-Bey v. North Carolina*, No. 5:11-CV-00423-FL, 2012 WL 368374 (E.D.N.C. Jan. 9, 2012), *report and recommendation adopted*, No. 5:11-CV-423-FL, 2012 WL 368369 (E.D.N.C. Feb. 3, 2012); *Scafe v. Wells Fargo Home Mortg. Wells Fargo Bank N.A.*, No. CV 15-5763 (RBK/KMW), 2016 WL 5334658 (D.N.J. Sept. 22, 2016); *Roy v. Ramsey Moving Sys.*, No. CIV. 14-2847 NLH/KMW, 2014 WL 2710964 (D.N.J. June 16, 2014); *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537 (D.N.J. 2011); *Bey v. Barnett*, No. 18CV3935PKCRER, 2018 WL 5830815 (E.D.N.Y. Nov. 7, 2018); *Bey v. Knight*, No. 15CV5228ENVRER, 2015 WL 7734099 (E.D.N.Y. Nov. 30, 2015); *Bey v. City of Rochester*, No. 11-CV-6457-CJS, 2012 WL 1565636 (W.D.N.Y. Apr. 30, 2012); *Bey v. Am. Tax Funding*, No. 11-CV-6458-CJS, 2012 WL 1495368 (W.D.N.Y. Apr. 27, 2012); *Ali v. Sponaugle*, No. 5:18-CV-5655, 2019 WL 2295952 (E.D. Pa. May 30, 2019); *Wiley v. South Carolina*, No. 6:18-CV-0694-BHH-KFM, 2018 WL 1998994 (D.S.C. Mar. 26, 2018), *report and recommendation adopted*, No. 6:18-CV-00694-AMQ, 2018 WL 1994250 (D.S.C. Apr. 27, 2018); *White v. Ozelie*, No. 19-CV-646, 2019 WL 2060135 (E.D. Wis. May 9, 2019) (collecting cases). Several cases address the so-called "Washitaw Nation," which bears a striking resemblance to the Washitaw Indigenous Family Trust that Debtor has raised frequently in this case. *See, e.g.,* [Doc. 14 at 19] *and El-Bey v. United States*, 2009 WL 1019999 (M.D.N.C. Jan. 26, 2009) (collecting cases).

Article 20. If any of the citizens of the United States, or any persons under their protection, shall have any dispute with each other [while being situated in the Kingdom of Morocco], the [United States] Consul shall [act as a tribunal and] decide between the parties ....

Article 21. If a citizen of the United States should kill or wound a Moor ..., the law of the Country[, *i.e.,* the United States] shall take place, and equal justice shall be rendered [during proceedings held in the Kingdom of Morocco, to both United States citizens and Moors, and] the [United States] Consul assisting at the trial ....

1836 U.S.T. LEXIS 10, arts. 20 and 21; *see also Murakush Caliphate*, 790 F. Supp. 2d at 270. The Court finds that these articles are facially inapplicable to Debtor and, to the Court's knowledge, this case has no relation to a United States citizen killed or wounded in the Mediterranean.

As to the letter from the Pope, this has also been rejected by several courts. *Cloud v. U.S.,* No. 3:06-CR-00096-FDW-1, 2018 WL 3447186 (W.D.N.C. July 17, 2018); *In re Walters*, No. 14-10119 (SMB), 2015 WL 3935237 (Bankr. S.D.N.Y. June 25, 2015); *El-Bey v. Doe*, No. 17-CV-6565-CJS, 2017 WL 3923753 (W.D.N.Y. Sept. 7, 2017); *Rowe v. Boggs*, No. 1:12-CV-647-HJW, 2013 WL 6410556 (S.D. Ohio Dec. 9, 2013). This Court agrees with others who have stated:

[Debtor is] entitled to . . . belief in "higher powers" than those exercised by a federal court. Moreover, the Pope, as the head of the Catholic Church, is entitled to make papal law *a motu proprio,* "on his own impulse" as that Latin phrase may be translated. Nonetheless, in the United States, there is a fundamental separation of church and state pursuant to the "Establishment Clause" and "Free Exercise Clause" of the First Amendment of the Constitution. *See* U.S. Const. amend. I. A federal court may not exercise subject matter jurisdiction based on a papal decree.

*Gonzalez v. Ocwen Home Loan Servicing,* 74 F. Supp. 3d 504, 511 (D. Conn. 2015), *aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co.*, 632 F. App'x 32 (2d Cir. 2016). Similarly, in *United States v. Garcia*, No. 13-CR-164 PJS/LIB, 2013 WL 5954688, at *10 (D. Minn. Oct. 4, 2013), *report and recommendation adopted,* No. 13-CR-0164 PJS/LIB, 2013 WL 5954687 (D. Minn. Nov. 7, 2013), the court said:

> To the extent that [Debtor is] asking the Court to take judicial notice of the
> Apostolic Letter, the Court has reviewed the document. However, the Apostolic
> Letter has no bearing on the present case. . . .[T]his Court's authority is derived
> from the U.S. Constitution and from statutes duly enacted by Congress and signed
> by the President. [Debtor] cite[s] no language in either the Constitution or in any
> statute that would place this court "under the Roman Curia."

This statement is equally true here.

Debtor has failed to assign any error to this Court in the form of mistake, newly discovered evidence or any reason justifying relief. Debtor's arguments in the Motion are irrelevant and frivolous and, the Court reminds Debtor that frivolous filings can result in sanctions. *Supra* at 3.   For the reasons discussed above, it is

ORDERED that the Motion is DENIED.

**END OF ORDER**

**<u>Distribution List</u>**

Michael J. Bargar
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

Benjamin Hardee
964 Ralph Abernathy Boulevard
Atlanta, GA 30310

David S. Weidenbaum
Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303